IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   Criminal Action No. 17-00282-KD-B-1 |
| | ) |
| BRANDON EARL ASHLEY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Brandon Earl Ashley's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 30)[1] and the United States' response (Doc. 32). Upon consideration, and for the reasons set forth herein, the motion is **DENIED**.

**I.   Background**

In December 2017, Defendant Brandon Earl Ashley (Ashley) was indicted for being a felon in possession of a firearm (Count One), three counts of possession of controlled substances with the intent to distribute (Counts Two, Three, Four), and possession of a firearm during and in relation to a drug trafficking crime (Count Five). (Doc. 1). Ashley pled guilty to Count Five, possession of a firearm in furtherance of a drug trafficking crime. (Doc. 14 (plea agreement)). On June 29, 2018, Ashley was sentenced to serve sixty (60) months. (Doc. 27 at 2).

Ashley is now 33 years old and is incarcerated at the Federal Correctional Institution, Marianna. His estimated release date is May 4, 2022.

Ashley moves this Court for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on extraordinary and compelling reasons. Specifically, Ashley asserts the

---

[1] Attached to Ashley's motion is an Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. 30 at 9). This application is MOOT; no fees or costs are associated with filing a First Step Motion.

1

COVID-19 pandemic, the conditions of confinement at USP Yazoo, the number of cases at USP Yazoo[2], and his race place him at an increased risk for severe illness should he contract COVID-19. (Doc. 30 at 1-2). Moreover, Ashley identifies a home plan that if released from prison, he would live with his sister. (Id.).[3]

## II. Compassionate Release

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 729 (11th Cir. Feb. 25, 2020) (citing 18 U.S.C. § 3582(c)).

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, provides that the district court:

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if it finds that—
>   (i)   extraordinary and compelling reasons warrant such a reduction

18 U.S.C. § 3582(c)(1)(A).

---

[2] At USP Yazoo City, as of December 23, 2020, 40 inmates and 7 staff members were COVID-19 positive; 85 inmates and 12 staff members had recovered. One inmate has died. https://www.bop.gov/coronavirus/ (last visited December 28, 2020). The BOP website indicates Ashley is currently incarcerated at FCI Marianna, not USP Yazoo City. At FCI Marianna, as of December 23, 2020, 57 inmates and 14 staff members were COVID-19 positive; 12 inmates and 19 staff members had recovered. https://www.bop.gov/coronavirus/ (last visited December 28, 2020).

[3] Ashley also includes an "inmate statement" which appears to show Ashley has over $5000 in his bank account as of June 29, 2020. (Doc. 60 at 7-8). To the extent Ashley filed this document to support that he would have the means to support himself in support of his home plan should he be released, the Court has duly considered this information.

The reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

As stated above, the Court may act on the motion only after Ashley has met one of two statutory prerequisites. Ashley alleges he "also file[d] a compassionate release with the warden of the institution[] but haven't heard anything which led me to this filing in the court." (Doc. 30 at 3). The Government contends Ashley attached other documents to his motion for compassionate release but he did not attach a copy of his request to the warden. (Doc. 32 at 2). As a result, per the Government, "Ashley's bare assertion does not carry his burden to show his motion is properly before the court, so it should be dismissed." (Id.).

Ashley has the burden to establish entitlement to consideration for compassionate release. See United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range in his case."). Ashley does not meet his burden by simply stating that he exhausted his administrative remedies. He should provide the Court with evidence to support his statement. Thus, Ashley's motion is dismissed without prejudice for failure to show compliance with either of the statutory prerequisites.

Additionally, even if Ashley carried his burden and showed he had exhausted his administrative remedies, he is not entitled to a reduction in sentence to time served on the grounds alleged. He has not shown extraordinary and compelling reasons, which would warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling" reasons are not defined in the statute. Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and

compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Congress also stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Id.

Before the First Step Act was enacted, the Sentencing Commission promulgated the following policy statement, with criteria and examples:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; or…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.[4]

The Application Notes to the Policy Statement include four examples of extraordinary and compelling reasons for consideration of a reduction in sentence under § 3582(c)(1)(A): (A) Medical Conditions of the Defendant; (B) Age of the Defendant[5]; (C) Family Circumstances; and (D) Other Reasons. The only example that could possibly apply is found in Application Note 1(D).[6]

---

[4] Subparagraph (B) provides for consideration of compassionate release if "[t]he defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned[.]" Since Ashley is 33 years old, subparagraph (B) cannot apply to him.

[5] Subparagraph (B) requires the defendant be at least 65 years old. As noted *supra*, Ashley is 33 years old so this subparagraph does not apply to him.

[6] Ashley does not allege that he has a terminal illness, a serious physical or medical condition or a serious functional or cognitive impairment, or that he is experiencing deteriorating physical or mental health because of the aging process, such that his ability to provide self-care in prison is substantially diminished. He does not allege that his family circumstances meet the criteria in Application Note 1(C), or that he meets the age requirement in Application Note 1(B) (at least 65 years old). U.S.S.G. § 1B1.13, cmt. n. 1(A), (B) & (C).

Under Application Note 1(D), the district court may consider "Other Reasons" if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id., cmt. n. (1)(D). Since Ashley has not alleged any reasons that meet the examples in Application Notes 1(A) – (C), his "extraordinary and compelling reasons" cannot act "in combination with" the reasons described in those examples (Id.). Therefore, the Court looks to whether Ashley has shown extraordinary and compelling reasons "other than" those described in Application Notes 1(A) – (C).

In its present version, Application Note 1(D) "leaves identification of other 'extraordinary and compelling reason[s]' to the Director of the Bureau of Prisons." United States v. Fox, No. 2:14-CR-03-DBH, 2019 WL 3046086, at * 3 (D. Me. July 11, 2019). But now that the First Step Act allows the inmate to move for compassionate release without the BOP's support, it is unclear what "other" reasons can be relied upon for compassionate release. However, the Court finds that until the Sentencing Commission amends its Policy Statement "those other extraordinary and compelling reasons should be comparable or analogous to what the Commission has already articulated as criteria for compassionate release." United States v. Fox, 2019 WL 3046086, at *3.

Ashley states inmates at USP Yazoo City are losing their lives and that "they are treating this facility for infected inmates for the (BOP) so they are putting inmates lives at risk of getting this COVID-19." (Id.). Ashley states he is in fear for his life "the way they are bringing infected inmates to this same facility that [he's] being housed at." (Id.).

Ashley claims other inmates are "getting the compassionate release…without any health issue or being over 50, they are being granted for [their] good conduct and participation in programming to better themselves[s] for society…" (Id. at 2). According to Ashley, he is a "good

candidate" for compassionate release for the following reasons: he has served 28 months which is about 64% of his time; he received "only one minor disciplinary incident" since being incarcerated; he has "been a model inmate"; he has completed several programs since being incarcerated; he poses "no threat to society at all"; and he has a "nonviolen[t] case." (Id. at 2-3).

However, Ashley's proffered reasons are not comparable or analogous to the criteria in the Policy Statement. See United States v. Fox, 2019 WL 3046086, at *3. And the Policy Statement indicates that the reasons should be consistent with the reasons determined by the Bureau of Prisons. See Bureau of Prison Program Statement 5050.50, Compassionate Release/Reduction in Sentence Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g).

The Bureau of Prisons Program Statement 5050.50 does not indicate that fear of contracting COVID-19, standing alone, is a reason for compassionate release.[7] See Curry v. United States, No. CR 15-0137-WS, 2020 WL 5836551, at *2 (S.D. Ala. Sept. 30, 2020) ("Nothing in PS 5050.50 reflects a determination by the BOP that compassionate release may be appropriate based on an inmate's generalized fear of contracting COVID-19 in prison. As such, Curry is effectively urging this Court to find that his circumstances constitute an ''extraordinary and compelling reason' for § 3582(c)(1)(A) relief, even though doing so would not be within the scope of reasons determined by the BOP to be extraordinary and compelling and therefore would not be consistent with the Sentencing Commission's applicable policy statement.") (underlining in original). And see United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently

---

[7] As discussed *supra,* Ashley is currently located at FCI Marianna, not USP Yazoo City. Even if his fears about contracting COVID-19 at USP Yazoo have continued at FCI Marianna, this generalized fear is insufficient.

justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Finally, Ashley points to demographic factors that he says support his release. Ashley is a black 33-year-old and he asserts COVID-19 causes him "great concern" because "Black people are catching [COVID-19] at the highest rate of any race in the United States." (Doc. 30 at 2). He also says he is "at risk of complication if [he] contract[s] COVID-19, for age is no longer the lingo of this virus young people are now at high risk of getting this coronavirus…" (Doc. 30 at 1). The Centers for Disease Control and Prevention (CDC) states "[t]here is increasing evidence that some racial and ethnic minority groups are being disproportionately affected by COVID-19." See *Health Equity Considerations and Racial and Ethnic Minority Groups*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (last updated July 24, 2020). Although this information is understandably disconcerting, the Court must undertake an individualized and particularized review of each defendant's characteristics in considering a motion for compassionate release. See United States v. Joaseus, 2020 WL 3895087, at *2 (S.D. Fla. July 10, 2020) ("It is incumbent upon the Court to undertake an individualized and holistic review of each applicant's health conditions when considering a motion for compassionate release."); United States v. Brown, 2020 WL 4346911, at *3 (D.D.C. July 29, 2020) (same); United States v. Tobias, 2020 WL 4673414, at *5 (D.D.C. Aug. 12, 2020) (accord).[8] Ashley has not shown that his race or age[9] elevates his risk of becoming

---

[8] The CDC explained: "Inequities in the social determinants of health, such as poverty and healthcare access, affecting these groups are interrelated and influence a wide range of health and quality-of-life outcomes and risks." See *Health Equity Considerations and Racial and Ethnic Minority Groups*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (last updated July 24, 2020).

[9] On June 25, 2020, the CDC issued a press release stating: "CDC has removed the specific age threshold from the older adult classification" and instead "now warns that among adults, risk increases steadily as you age, and it's not just those over the age of 65 who are at increased risk for severe illness." *CDC updates, expands list of people at risk*

seriously ill from COVID-19 so as to satisfy the "extraordinary and compelling" standard necessary for a reduction in sentence or compassionate release. See United States v. Brown, 2020 WL 6261445, at *3 (E.D. La. Oct. 23, 2020) (finding 33-year-old black defendant had not shown his age, race, gender, or medical condition met the "extraordinary and compelling" standard); United States v. Chambers, 2020 WL 4260445, at *4 (E.D. La. July 24, 2020) ("Chambers' age [51 years old] and race do not amount to extraordinary or compelling reasons.").[10]

Moreover, the Court may grant a reduction in sentence for early release only "after considering the [applicable] factors set forth 18 U.S.C. § 3553(a)." See 18 U.S.C. § 3582(c)(1)(A). In that regard, the Government describes the circumstances underlying the current offense, and concludes the mandatory minimum sentence imposed "remains fair, appropriate and necessary to deter crime and protect the community." (Doc. 32 at 6-7). As noted *supra*, Ashley states he has a "nonviolence case," he has had "only one minor disciplinary incident since incarceration," he is a "model inmate" and he "pose[s] no threat to society at all." (Doc. 30 at 2-3).

The Court has considered the "nature and circumstances" of Ashley's offense and finds that this factor does not weigh in favor of a sentence reduced to time served. 18 U.S.C. § 3553(a)(1). Specifically, the Government sets forth the circumstances which gave rise to this current offense, which Ashley admitted as part of his plea agreement. (Doc. 32 at 6). Ashley

---

*of severe COVID-19 illness*, Press Release, CDC (June 25, 2020), https://www.cdc.gov/media/releases/2020/p0625-update-expands-covid-19.html. The CDC states people in their 60s or 70s are generally at higher risk for sever illness than those in their 50s, and those aged 85 or older are at the greatest risk. See *Older Adults*, Coronavirus Disease 2019 (COVID-19), CDC (November 27, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html. Ashley is 33 years old so he is not in the category of persons designated by the CDC to be at great risk.

[10] See United States v. Winn, No. CR H-18-691-8, 2020 WL 3077854, at *2 (S.D. Tex. June 10, 2020) (denying compassionate release of a thirty-one year-old African American man who alleged that he was at increased risk of contracting COVID-19 because of his race but who failed to provide support for his concern); United States v. Brown, No. CR 13-243, 2020 WL 2542899, at *3 (E.D. La. May 19, 2020) (denying compassionate release of a fifty-year-old woman who claimed she was at increased risk of contracting COVID-19 "based on her age, race, and gender" because "[e]ven if these individual characteristics were to make her more likely to contract COVID-19, these factors do not correspond to the types of extraordinary reasons this Court must consider before granting compassionate release").

attempted to elude a traffic stop, "marijuana and several other controlled substances" were recovered from Ashley's car, and law enforcement found a loaded pistol under the driver's seat. (Id.). The Court imposed a mandatory minimum sentence of five years.

Ashley's "history and characteristics" also do not weigh in favor of a sentence reduced to time served. Here, early release would not meet the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," or to adequately deter criminal conduct and "protect the public from further from the Defendant." 18 U.S.C. § 3553(a)(1); § 3553 (a)(2)(A), (B), & (C).

## IV. Conditions of Confinement

Ashley also expresses concern with COVID-19 positive inmates being brought to USP Yazoo, he states "[t]he Authority here at USP Yazoo are putting my life at danger in this crisis with the COVID-19 pandemic." (Doc. 30 at 2). As noted *supra*, Ashley is currently housed at FCI Marianna, not USP Yazoo. Even still, to the extent his motion seeks to challenge the conditions of confinement, this claim properly lies in a civil rights action, not a habeas corpus action. See Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979) (holding that habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration)[11]; Keys v. Warden, FCC Coleman-Low, 2020 WL 3962233, at *2 (M.D. Fla. July 13, 2020) (noting habeas corpus action was an improper action for defendant's challenged to the conditions of his confinement); United States v. Williams, 2020 WL 3037075, *1 (W.D. La. June 5, 2020) (finding defendants generalized requests to change the pod defendant was assigned to should be raised in a Bivens action, not under 18 U.S.C. § 3582(c)(1)(A)).

---

[11] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

9

Claims that concern conditions of a prisoner's confinement and do not relate to the legality of the inmate's confinement, nor challenge the fact or duration of confinement, are *Bivens* actions, not habeas actions. See Hill v. McDonough, 547 U.S. 573, 579 (2006) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.") (citations omitted). Thus, to the extent that Ashley's claim could be construed as a civil rights claim against officials at USP Yazoo or FCI Marianna, for violations of his constitutional rights, this Court lacks personal jurisdiction. Those claims must be brought in the district court in the district where the prison officials reside or are employed. See Cosby v. United States, 2009 WL 2821843 (M.D. Ga. 2009) ("Moreover, the FMC–Carswell defendants reside, and are employed, in Fort Worth, Texas, which is in the Northern District of Texas. Therefore, plaintiff's claims against these defendants may not be pursued in this Court because this Court lacks personal jurisdiction over them and venue is improper.") (citations omitted). And, to the extent that this could be construed as a civil rights claim against the Bureau of Prisons, the Court lacks subject matter jurisdiction. Nalls v. Coleman Low Federal Inst., 307 Fed.Appx. 296, 298 (11th Cir. 2009) ("As an initial matter, the district court lacked subject matter jurisdiction over Nalls's claims against the Bureau of Prisons because Bivens does not extend to federal agencies"). Accordingly, this claim is dismissed for lack of jurisdiction.

**V.     Conclusion**

For the reasons stated herein, Ashley's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 516) is **DISMISSED without prejudice.** To the extent Ashley's motion could be construed as a challenge to the conditions of his confinement, his motion is **DISMISSED for lack of jurisdiction**.

**DONE** and **ORDERED** this **30th** day of **December 2020**.

             s / Kristi K. DuBose
             **KRISTI K. DuBOSE**
             **CHIEF UNITED STATES DISTRICT JUDGE**